United States Courts
Southern District of Texas
FILED

MAR 2 1 2016

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

BAM GRESSETT, wife of/and
ANDREW GRESSETT

CIVIL NO. H 16 740

JUDGE:

VERSUS

MAGIST:

SPRING HILL SUITES BY MARRIOTT,
MOODY NATIONAL COMPANIES, LP,
CONCORD HOSITALITY, INC.,
CONCORD HOSPITALITY ENTERPRISES
COMPANY, and ANY UNIDENTIFIED DEFENDANT
EMPLOYEES

## COMPLAINT AND PETITION FOR DAMAGES

The Complaint and Petition for Damages of BAM GRESSETT, wife of and ANDREW GRESSETT, both persons of the full age of majority and both domiciled in the Parish of Orleans, State of Louisiana, for their claims related to their respective damages, losses, and injuries directly related to the March 28, 2014 accident and related injuries suffered by petitioner ANDREW GRESSETT due to the defendants negligence and failure to exercise reasonable care, custody and upkeep of their

business premises and pedestrian walkway areas of their hotel business property located at the Spring Hill Suites by Marriott, located at 1400 Old Spanish Trail, Houston, Texas, with the lack of upkeep and safety precautions alleged here to be inadequate and creating an unreasonable risk of harm to business invitees such as your petitioner ANDREW GRESSETT on the date and time of the accident and losses suffered herein, in violation of Texas Civil Practice and Remedies Code 75,002 (c), et seq., this petition which does with respect represent the following:

I.

Petitioners assert here that discovery conducted in this matter should properly be conducted at Discovery Level 2, in comportment with and to Texas Rule of Civil Procedure Rule 190.3.

II.

**STATEMENT OF JURISDICTION**

Petitioners are all Louisiana domiciles and residents. This accident occurred on March 28, 2014 in Houston (Harris County), Texas. All defendants appear from research with the Texas Secretary of State business/corporation registration data base to be registered or domiciled within the States of Texas and North Carolina, presently and on the date of the accident providing the basis of these claims, and at minimum, none of the defendants are Louisiana domiciliaries, thus providing complete diversity

jurisdiction herein. Further, petitioners in Good Faith assert here that the quantum value of each of their claims could exceed the $75,000.00 threshold necessary for United States District Court jurisdiction, together with there existing complete diversity of citizenship between the separate parties herein.

III.

The following parties are hereby named as defendants in this cause of action and are alleged to have damaged your petitioner in the following particulars as alleged below:

A. SPRING HILL SUITES by MARRIOTT, (hereinafter sometimes referred to as "SHS"), a retail hotel and business entity corporation, at all times pertinent to herein having conducted business as the "Spring Hill Suites by Marriott", located at 1400 Old Spanish Trail, Houston (Harris County), Texas, with the torts alleged herein committed, or had their employees commit those torts giving rise to the injuries suffered by the petitioners and those claims made herein, via the negligence and/or recklessness and/or wanton carelessness of those employees as well as all other torts explained below, which caused the petitioners to suffer injury and losses by the defendants' actions and/or omissions here, as explained in more detail below;

B.  MOODY NATIONAL COMPANIES, LP, a Texas Domestic Partnership, CONCORD HOSPITALITY, INC., a Nebraska corporation, and CONCORD HOSPITALITY ENTERPRISES COMPANY, a North Carolina Corporation, with all of these different corporations determined at various times in the investigation of this claim to be the operator and/or owner and/or management operator of the defendant "Spring Hill Suites by Marriott" retail hotel business located at 1400 Old Spanish Trail, Houston (Harris County), Texas at the time of this accident and at all times pertinent hereto, with each of or any of these entities responsible for the operations of this retail hotel business, as well as for the hiring, training, supervision, direction, instruction, operations of their employees and/or subordinates allowing the conditions to be allowed to exist that caused the accident giving rise to these claims, and with one or more of these entities having ultimate responsibility through their acts or omissions the creation of the hazards presented to business invitee petitioner ANDREW GRESSETT which is the cause in fact of the accident and losses suffered by your petitioners as alleged herein. Petitioners name all three separate entities as defendants herein as they in their pre-litigation investigation of this accident have been given differing and contradictory information as to which particular entity is the proper defendant or defendants to be named for liability herein, and petitioners prudently name all three as defendants in an abundance of caution that the proper entity not be omitted as a timely named defendant herein.

IV.

On or about March 28, 2014, your petitioner ANDREW GRESSETT was a paying customer of the defendant "Spring Hill Suites by Marriott" ("SHS") retail hotel business located at 1400 Old Spanish Trail, Houston (Harris County), Texas. Upon exiting the front entrance of the hotel, the petitioner walked toward the front curb area and without without warning or expectation, he was made to slip and to fall upon the pedestrian walkway and fall to the ground, hitting and injuring his head on the cement ground, as well as injuring his left leg and other parts of his body. After lifting himself from the ground, he noticed that water was pooled in the area where he slipped and fell, and that a very slick, almost algae-like slipperiness existed at the spot where he fell. There were no warning signs or warnings of any kind at the accident area or anywhere visible to the petitioner ANDREW GRESSETT either before, during, or after the accident, and there was no apparent dangers or slipperiness on the walkway seen by your petitioner prior to the accident when he was then made aware of the dangerous conditions present after suffering the accident and injuries pled herein. Your petitioner immediately reported the accident to the SHS hotel management, showing to them his head injuries and wet clothing, and asking them to post warnings to others using the front area entrance and walkway. For an extended length of time the SHS hotel management and personnel resisted taking the petitioner's information and did not allow him to make or draft an accident report. Finally, the SHS management relented and did allow a report of the accident to be lodged. Petitioner ANDREW GRESSETT

remains injured, continues to suffer from his related injuries, pain and limitations (general damages), and continues to be personally liable for extensive medical billings (special damages) directly resulting from the related injuries here, with both general and special damages continuing to mount and increase as his treatment continues and the duration of the injuries continuing to worsen.  Petitioner BAM GRESSETT suffers from the loss of consortium, los of companionship, loss of support in childcare and lifestyle, and all other changes to her lifestyle and regular routines, all caused by the injuries and limitations to her husband's physical condition brought on by this accident, with these limitations being general damage losses suffered by petitioner BAM GRESSETT, and with these general damages continuing to mount and increase due to the duration of these limitations and conditions described herein.

Petitioners have since this accident opened a claim with the defendant hotel and their insurance representatives and adjusters.  The defendants' adjusters inform the petitioners that after they have first denied any accident has ever occurred, then later admitted the accident did occur via allowing the taking of an accident report, the defendants now belatedly inform that they actually have an employee witness to the actual accident having occurred.  After months of correspondence and petitioners presenting to the defendants' representatives their Proof of Loss by forwarding all relevant Proof of Loss to the defendants' as requested by their representatives, the petitioners were made to wait until almost the deadline to file their lawsuit to then be informed by the defendants' insurance representatives that 1.) the defendants would

DENY their claim in total , and 2.) the defendants had now disclosed that the witness alleged to have witnessed the accident was an employee of the hotel, and that the petitioner did not injure his head or have his head hit the cement ground on the date of loss. Petitioners allege this behavior on behalf of the defendants by their representatives and agents to be Bad Faith behavior in failure to properly adjust this set of claims related to the March 28, 2014 accident which is lawfully subject to any scrutiny, penalties or sanctions appropriate herein.

V.

The said injuries and damages sustained by your petitioners ANDREW GRESSETT and BAM GRESSETT, were caused solely, directly, and proximately through the fault of the defendants "Spring Hill Suites by Marriott" retail hotel business located at 1400 Old Spanish Trail, Houston (Harris County), Texas and MOODY NATIONAL COMPANIES, LP; CONCORD HOSPITALITY, INC.:, CONCORD HOSPITALITY ENTERPRISES COMPANY and ANY UNIDENTIFIED DEFENDANT EMPLOYEES, in the following, but not necessarily exclusive particulars:

A. All defendants for failing to properly supervise or direct their employees to properly warn of or mitigate the very slippery area of the pedestrian walkway area where this accident occurred;

B. All defendants for failing to properly inspect and/or maintain the pedestrian walkway area, namely, in failing to dry or limit the pooling of water and slipperiness upon that area, which resulted in the accident and in directly causing injuries to your petitioners as described above.

C. All defendants negligently failing to screen, supervise, monitor, instruct, train or otherwise prevent their employee(s) from failing to properly inspect and/or maintain the pedestrian walkway area where this accident occurred, namely, in failing to dry or limit the pooling of water and slipperiness upon that area, which resulted in the accident and in directly causing injuries to your petitioners as described above.

D. All defendants, where having legal custody, control, and "garde" of these building premises, including the lobby area where this accident occurred, are thus liable to your petitioners for those unreasonably dangerous and hidden, unwarned of conditions present in the in failing to dry or limit the pooling of water and slipperiness upon that area, which resulted in the accident and in directly causing injuries to your petitioners as described above.

E. Any and all other acts of negligence and/or carelessness discovered prior to or at the trial on the merits of this matter.

All of the above acts of negligence and/or omissions were in violation of the laws of the State of Texas and applicable Harris County/City of Houston ordinances or

regulations, which are hereby pleaded and which are adopted by this reference as if set forth at point *in extensio.*

VI.

Petitioners ANDREW GRESSETT and BAM GRESSETT, both aver that as a direct and proximate cause of the aforementioned actions and acts, they were made to sustain damages in the following non-exclusive list particulars:

A. Past, present, and future physical pain and suffering of ANDREW GRESSETT;

B. Past, present, and future emotional and mental anguish; of ANDREW GRESSETT;

C. Past, present, and future loss of enjoyment of life for both petitioners;

D. Compensation for lost activities and participation therein relative to the injuries suffered by ANDREW GRESSETT in this accident, but ith these particular losses then suffered by both petitioners;

E. General Damages for petitioner ANDREW GRESSETT, who to date some two years post-accident remains injured, continues to suffer from his related injuries, pain and related limitations;

F. Special Damages for petitioner ANDREW GRESSETT, who continues to be personally liable for extensive medical billings directly resulting from the related injuries here, with both general and special damages continuing to mount and increase as his treatment continues and the duration of the injuries continuing to

worsen.

G. General Damages for petitioner BAM GRESSETT, who suffers from the ongoing loss of consortium, loss of companionship, loss of husband's support in childcare and lifestyle, and all other changes to her lifestyle and regular routines, all caused by the injuries and limitations to her husband's physical condition brought on by this accident, with these limitations being general damage losses suffered by petitioner BAM GRESSETT, and with these general damages continuing to mount and increase due to the duration of these limitations and conditions described herein.

H. All penalties, statutory awards, attorney's fees and costs, as well as all other appropriate recovery and awards, as appropriate due to defendants' and/or their representatives' refusal to adjust the petitioners' claims in good faith, and further, their continued refusal to evaluate or adjust the Petitioners' claims in good faith, in clear violation of the applicable laws and statutes applicable to such claims in the State of Texas;

I. BAM GRESSETT's claims loss of support, consortium, family activities, and normal lifestyle and quality of life, due to her husband suffering from the serious injuries incurred in the accident described above and giving rise to this litigation.

J. Any other loss or damage which may be determined at any time prior to or at the trial of this matter.

WHEREFORE, your petitioners ANDREW GRESSETT and BAM GRESSETT, respectfully request that the defendants in this matter, "Spring Hill Suites by Marriott" retail hotel business located at 1400 Old Spanish Trail, Houston (Harris County), Texas and MOODY NATIONAL COMPANIES, LP; CONCORD HOSPITALITY, INC.:, CONCORD HOSPITALITY ENTERPRISES COMPANY and ANY UNIDENTIFIED DEFENDANT EMPLOYEES, all be served with this petition, and after due proceedings be had their be a judgment in favor or your Petitioners, and against the defendants, for all damages, costs, and losses suffered by your Petitioners herein; all penalties, statutory awards, attorney's fees and costs, as well as all other appropriate recovery and awards relative to defendants' bad faith refusal to adjust or pay these claims, as well as for all costs of bringing these proceedings, judicial interest from the date of judicial demand, as well as for any other award or remedy as deemed equitable herein.

Respectfully Submitted,

_____
ANDREW L. GRESSETT
5225 Chestnut Street
New Orleans, LA 70115
Tel.: (504) 858-8014


_____
BAM V. GRESSETT
5225 Chestnut Street
New Orleans, LA 70115
Tel.: (504) 858-8014